Cite as 2023 Ark. App. 543

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-22-576

| | | |
|---|---|---|
| FRANK FOWLER | | **Opinion Delivered** November 29, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. 33DR-20-99] |
| ELLECIA FOWLER | | HONORABLE DON MCSPADDEN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Frank Fowler, and appellee, Ellecia Fowler, were married in 2002 and were divorced by a May 2022 decree. Frank appeals the decree's division of property, contending that the circuit court clearly erred in its valuation of the pharmacy corporation owned by the parties. We affirm.

Domestic-relations cases are reviewed de novo on appeal, but the appellate court does not reverse a circuit court's findings unless they are clearly erroneous. *Wilcox v. Wilcox*, 2022 Ark. App. 18, 640 S.W.3d 408. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Furthermore, a circuit court has broad powers to distribute property in a divorce to achieve equitable distribution; mathematical precision is not required. *Id.* In reviewing a circuit court's findings, we defer to the court's superior

position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Id.*

In this appeal, the sole issue is the value placed on the parties' pharmacy business, Horseshoe Health & Medicine. The parties owned two corporations, each party holding 50 percent of the corporate stock in each corporation. The farm corporation (E & F Farms, Inc.) was valued at $875,711 and awarded solely to Ellecia (a nurse). The farm's value is not at issue on appeal. The pharmacy corporation (E & F Fowler, Inc.) ran an operating pharmacy that was valued at $1.178 million and awarded solely to Frank (a pharmacist). Frank was ordered to pay Ellecia $151,145 to equalize the distribution of marital assets that each party was awarded.

Frank argues on appeal that the pharmacy corporation was not as valuable as the amount placed on it by the valuation expert, Paul Osborn. Mr. Osborn, a certified valuation analyst for fifteen years and a CPA for nine years, regularly values businesses for litigation purposes. The pharmacy corporation owned the pharmacy business and its inventory but not the building or real estate, which was owned by Frank and Ellecia. Mr. Osborn reviewed the 2017 through 2020 tax returns, its 2017 through 2021 financial statements, and Frank's past and current involvement in the pharmacy business in determining the pharmacy's value. Frank had been the primary full-time pharmacist for the pharmacy, but he quit working there full-time toward the end of 2016 or beginning of 2017. A different pharmacist was hired to be the primary pharmacist until November 2021, after which full-time pharmacist, Molly McCurley, took over that position. Frank did continue to work there some, and he made his

cell phone available to customers by having it listed in various places in the building.

Mr. Osborn defined the assets of the corporation as the cash, inventory, and goodwill, and he testified that his valuation was of a pharmacy in Horseshoe Bend, Arkansas, being run by a competent pharmacist, not necessarily Frank. Mr. Osborne explained that his valuation was of "a going concern," meaning that the pharmacy would continue in business in Horseshoe Bend. He used three methods: capitalization of income; value based solely on revenue; and book value based on the financial statements. Mr. Osborn explained that using these three methods ensured that he would get an accurate value, and each of the methods resulted in a similar valuation. Mr. Osborn stated that he worked to determine the fair market value, and he testified that the corporate goodwill belonged to the company and is embedded in the value of the company, meaning that he took into consideration the employees, customer lists, trademarks, reputation, and name of the company. Mr. Osborn did not believe that Frank held personal goodwill because Frank allowed the pharmacy to run on its own with other full-time pharmacists and did not work on a day-to-day basis at the pharmacy. Mr. Osborn agreed that he performed a calculation valuation of the business, which is a streamlined and simplified approach for valuing a business.

At trial, Frank did not offer any value of the pharmacy but rather urged the circuit court to order it liquidated by auction. Ellecia's attorney responded that when dividing corporate stock, a forced liquidation was not permissible. Ellecia's attorney argued that the expert opinion on the pharmacy's fair market value was the basis on which to value Ellecia's half. Ellecia did not want the pharmacy because she feared Frank would try to compete with

3

her and actively try to bankrupt her.

The circuit court found Mr. Osborn to be a knowledgeable, qualified, credible witness. The circuit court awarded Frank 100 percent of the stock in the pharmacy corporation and accepted the expert witness' valuation at $1.178 million. The parties owned the real estate and pharmacy building, which was ordered to be sold within a year. This appeal followed.

Frank argues that because the pharmacy building and land was ordered sold within a year, Mr. Osborn's valuation of the pharmacy corporation as a going concern was not valid. Further, Frank contends that Mr. Osborn was wrong not to consider Frank as having personal goodwill in the business, and Mr. Osborn admittedly had limitations in his valuation report.

Arkansas law requires the use of the "fair market value" standard for valuing businesses in a marital-property context. *Drummond v. Drummond*, 2022 Ark. App. 184; *Cole v. Cole*, 82 Ark. App. 47, 54, 110 S.W.3d 310, 314 (2003). The circuit court was required, as the trier of fact, to determine the credibility of witnesses and to resolve conflicting testimony. *Thakar v. Thakar*, 2022 Ark. App. 284, 646 S.W.3d 666. On appeal, we will not disturb a circuit court's resolution of disputed facts or determinations of credibility as these are within the province of the finder of fact. *Id.* This court will reverse the trial court's valuation of a business only if it is clearly erroneous. *Atherton v. Atherton*, 2018 Ark. App. 245, 547 S.W.3d 759.

Frank has not demonstrated that the circuit court clearly erred in this case. He failed to offer his own expert or personal opinion on what the pharmacy corporation was worth. Ellecia presented expert testimony, which was deemed credible by the circuit court. The

4

expert testimony considered financial documents from 2017 forward. It was undisputed that Frank did not act as the primary pharmacist from 2017 forward. Frank also fails to acknowledge that when the pharmacy building and land (owned by the parties) are sold, Frank will have the opportunity to buy those assets. In short, Frank's arguments on appeal attempt to parse out various components of the expert's opinion, but this was a matter for the circuit court to consider and resolve. Our de novo review of the evidence convinces us that the circuit court did not clearly err in its valuation of the pharmacy corporation.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*Baxter Law Firm, PLLC*, by: *James R. Baxter*, for appellant.

*Grayson & Grayson P.A.*, by: *Melanie L. Grayson* and *Keith L. Grayson*; and *Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Tom Thompson*, for appellee.